UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JENNIFER ALLEN, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:14-CV-1947-N (BF) |
| § | |
| HORIZON SOFTWARE § | |
| INTERNATIONAL, LLC, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant's Motion for Summary Judgment [D.E. 35]. For the reasons stated below, the undersigned recommends that the summary judgment motion be GRANTED.

**BACKGROUND**

On December 27, 2013, Plaintiff Jennifer Allen ("Plaintiff") filed her suit in the County Court at Law #1, Dallas County, Texas against Defendant Horizon Software International, LLC ("Defendant") alleging breach of contract, detrimental reliance, and alternatively asserting a quantum meruit claim. *See* App. [D.E. 1-3 at 12-13]. On May 29, 2014, Defendant removed this action to this Court. Plaintiff subsequently amended her complaint three times. In her Third Amended Complaint, Plaintiff asserts claims for breach of contract, quantum meruit, promissory estoppel, fraud, and negligent misrepresentation. *See id.* [D.E. 7 at 4-6]. Plaintiff's claims stem from her employment with Defendant who designs and sells administrative software and related services to school districts throughout the country. *See* Def.'s Br. [D.E. 36 at 8]. Plaintiff was hired to work as a sales employee for MyPaymentsPlus, one of Defendant's software programs which allows parents to pay their children's school fees online instead of delivering cash or a check to the school. *See id.* [D.E. 36 at

8-9]. MyPaymentsPlus employees are paid a base salary and receive commissions on sales according to the company's sales commission plans. *See id.* [D.E. 36 at 10]. When a new sales employee is hired, Defendant sometimes guarantees a minimum commission amount for the first several months or first year of employment. *See id.* [D.E. 36 at 11]. Defendant contends that Plaintiff was offered a guarantee of at least $1,250.00 in monthly commissions per month for the first twelve months of employment and Plaintiff was not told that she would receive the monthly commission guarantee in addition to any commissions she earned under the company's sales commission plans. *See id.* [D.E. 36 at 14-15]. On June 4, 2012, Plaintiff signed an offer letter acknowledging that her employment would be "at will" and that Defendant could modify her compensation terms at any time. *See id.* [D.E. 36 at 15]. Defendant contends that Plaintiff e-mailed her supervisor on February 11, 2013 stating that she did not receive all of her sales commissions but received the response that she did not earn any commissions above the minimum guarantee of $1,250.00 since her employment commenced. *See id.* [D.E. 36 at 18].

Plaintiff contends that Defendant failed to compensate her for sales commissions as promised and that her work-related expenses were reimbursed in such an untimely fashion that she incurred monthly interest on all of her business-related credit card charges. *See* 3d Am. Compl. [D.E. 7 at 2-4]. However, Plaintiff concedes that all of her work-related expenses have been reimbursed. *See id.* [D.E. 7 at 3]. Plaintiff contends that she resigned her sales position in June of 2013 when she concluded that it was the pattern and practice of Defendant to not pay its salespeople commissions as promised. *See id.* [D.E. 7 at 3]. Plaintiff contends that she was purposefully misled by Defendant's management and that she relied on their representations to her detriment. *See id.* [D.E. 7 at 3-4]. Plaintiff contends that because she has been materially damaged by Defendant's deceit, she now

seeks her unpaid sales commissions, accumulated interest on her business-related expenses, and punitive damages for fraud, or in the alternative, for negligent misrepresentation. *See id.* [D.E. 7 at 4]. On April 16, 2015, the Court granted Plaintiff's counsel's motion to withdraw, and Plaintiff has been proceeding *pro se* since that date. *See* Order [D.E. 38]. Defendant filed its summary judgment motion on April 13, 2015. *See* Summ. J. Mot. [D.E. 35]. Plaintiff has not filed a response to Defendant's summary judgment motion and the time to do so has passed.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Rule 56 to search the record to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012)

(citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## ANALYSIS

### 1. Breach of Contract

Plaintiff alleges that Defendant violated their written contract which reflected their mutual contractual commitment and confirmed that Plaintiff would be employed on a salary and commission basis. *See* 3d Am. Compl. [D.E. 7 at 4]. Defendant argues that Plaintiff's breach of contract claim fails as a matter of law because the offer letter which sets forth the details of Plaintiff's compensation package is not an enforceable contract. *See* Def.'s Br. [D.E. 36 at 23]. Further, even if the offer letter is considered a contract, Defendant contends that it is not in breach of the terms. *See id.* [D.E. 36 at 23]. In order to prevail on a breach of contract claim, Plaintiff must prove that: (1) the offer letter is a valid contract between the parties; (2) Plaintiff performed; (3) Defendant breached the contract; and (4) Plaintiff sustained damages as a result of Defendant's breach. *See Merritt Hawkins & Assocs., LLC v. Gresham*, No. 3:13-CV-312-P, 2015 WL 179035, at *11 (N.D. Tex. Jan. 13, 2015). In *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 480 (5th Cir. 2000), the Fifth Circuit determined that an offer letter setting out an annual salary rate did not provide a guarantee of employment but merely provided a benchmark to evaluate pay and did not constitute a contract. *See id.* The Fifth Circuit reasoned that because the written offer letter provided nothing that limited the employer's right to terminate, the general presumption of at-will employment prevailed. *See id.* Similarly, the offer letter at issue is not a valid contract between the parties. *See* Offer Letter [D.E. 37-1 at 5-6].

4

Notably, Plaintiff acknowledged by signature on June 4, 2012 that Defendant "is an employment at will employer" and that Plaintiff's "employment and compensation may be terminated with or without cause, and with or without notice, at any time at the option of" Defendant. *See id.* [D.E. 37-1 at 6]. Therefore, Plaintiff's breach of contract claim fails and summary judgment should be granted with respect to this claim.

## 2. Quantum Meruit

In the alternative, Plaintiff contends that if is proven that Defendant did not breach a contract, Plaintiff asserts a quantum meruit claim against Defendant because she provided her labor and services based on the promise for payment of a dollar amount plus sales commissions. *See* 3d Am. Compl. [D.E. 7 at 4]. Plaintiff concedes that she received the base salary amount from Defendant but contends that she was never paid the commissions earned under either the 2012 or 2013 sales commission plans. *See id.* [D.E. 7 at 4-5]. Defendant argues that Plaintiff's quantum meruit claim fails because the Sales Commission Plan covers the subject matter of the parties' dispute. Def.'s Br. [D.E. 36 at 29]. "Under Texas law, one may recover under an equitable or quantum meruit theory only in the absence of an express contract covering the services or materials furnished." *Malone v. Ariba, Inc.*, 99 F. App'x 545, 553 (5th Cir. 2004) (internal quotations omitted) (citing *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 401 (Tex. App.-Houston [14th Dist.] 1999, no pet.); *Vortt Exploration Co., Inc., v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990); *Hebert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 872 (Tex. App.-Houston [1st Dist.] 1995, no writ)). Defendant argues that because the terms of the Sales Commission Plan governs the payment of Plaintiff's sales commissions, Plaintiff cannot maintain a quantum meruit claim as a matter of law. *See* Def.'s Br. [D.E. 36 at 29-30]. Defendant argues that Plaintiff's quantum meruit claim also

5

fails because under Texas law, an employee who was paid a salary may not seek payment through a theory of quantum meruit for the value of services performed in the scope of employment. Def.'s Br. [D.E. 36 at 30]. A "quantum meruit claim cannot apply to the services Plaintiff provided employer as an employee because those services were covered by whatever oral, at-will agreement was in effect that provided for payment of the salary Plaintiff acknowledges receiving." *Kern v. GE Capital Info. Tech. Solutions*, 3:01-CV-2109-P, 2003 WL 22433817, at *7 (N.D. Tex. Feb. 19, 2003) (internal quotations and alterations omitted) (citing *Richardson v. Stewart & Stevenson Servs., Inc.*, No. 14-09-559-CV, 2010 WL 4817136, at *5 (Tex. App.-Houston [14th Dist.] Nov. 23, 2010, no pet.). Because Plaintiff was paid a salary and because the terms of the payment of the commissions at issue was governed by the Sales Commission Plan, summary judgment should be granted with respect to Plaintiff's quantum meruit claim.

### 3. Promissory Estoppel

Defendant argues that Plaintiff's promissory estoppel claim also fails because she cannot recover sales commissions under a theory of promissory estoppel when the commissions are governed by a compensation plan. *See* Def.'s Br. [D.E. 36 at 31]. Plaintiff claims that Defendant should be estopped from failing to pay Plaintiff promised monetary commissions. *See* 3d Am. Compl. [D.E. 7 at 5]. However, because the Sales Commission Plan governs the terms of the commissions Plaintiff seeks, Plaintiff cannot raise a claim of promissory estoppel. *See Earle v. Aramark Corp.*, No. 3:03-CV-2960-K, 2006 WL 832507, at *8 (N.D. Tex. Mar. 29, 2006) ("In this case, the Compensation Plan governed the payment of commissions to all Directors of Business Development, including Earle. Because Earle cannot raise a claim of promissory estoppel to replace the terms of the Compensation Plan, the Court GRANTS summary judgment for Aramark on Earle's

promissory estoppel claim."). Therefore, the Court should grant summary judgment on Plaintiff's promissory estoppel claim.

### 4. Fraud

Plaintiff seeks punitive damages for fraud because Plaintiff believes Defendant's representatives purposefully misled its employees in order to deceive them into obtaining an increased customer base and higher sales but with the intent of never paying the sales force the promised commissions. *See* 3d Am. Compl. [D.E. 7 at 5]. Defendant argues that it is entitled to summary judgment on Plaintiff's fraud claim because Plaintiff has not identified any false statements and cannot show reliance damages. *See* Def.'s Br. [D.E. 36 at 33]. A party claiming fraud in Texas must show the following: (1) a material representation was made; (2) the representation was false; (3) the speaker made the representation knowing it was false or made it recklessly without knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that it be relied upon by the party; (5) the party acted in reliance on the misrepresentation; and (6) the party suffered injury. *In re Haber Oil Co., Inc.*, 12 F.3d 426, 437 (5th Cir. 1994) (citing *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex. 1990); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990); *Jackson v. Speer*, 974 F.2d 676, 679 (5th Cir. 1992); *Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 122 (5th Cir. 1992)). Because Defendant points to the absence of evidence supporting Plaintiff's fraud allegation, Plaintiff is required here to show that summary judgment is not proper. However, Plaintiff has failed to file a response and meet her burden, and the Court is not obligated here to search the record for evidence supporting her opposition to the summary judgment evidence. *See Franklin*, 2012 WL 2679496, at *3. Therefore, the Court should grant summary judgment with respect to her fraud claim.

### 5. Negligent Misrepresentation

Plaintiff alleges her alternative negligent misrepresentation claim in the event it is proven that fraud has not occurred. *See* 3d Am. Compl. [D.E. 7 at 5-6]. In order to show negligent misrepresentation under Texas law, Plaintiff must demonstrate the following: (1) Defendant made a representation during the course of business; (2) Defendant provided false information for the guidance of others in their business; (3) Defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Plaintiff incurred pecuniary loss by justifiably relying on Defendant's representation. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005). Defendant argues that it is entitled to summary judgment on Plaintiff's negligent misrepresentation claim because Plaintiff cannot point to any false statements made by Defendant nor is there evidence that Defendant failed to exercise reasonable care or competence in supplying Plaintiff with any information. *See* Def.'s Br. [D.E. 36 at 35]. While Plaintiff asserts an alternative negligent misrepresentation claim, Plaintiff does not give any detail as to how Defendant's conduct can be construed as negligent. Further, Plaintiff failed to file a response rebutting Defendant's contention that there is no evidence supporting Plaintiff's negligence claim. Therefore, summary judgment should be granted with respect to Plaintiff's negligent misrepresentation claim.

### 6. Work-Related Expenses

Defendant argues that while Plaintiff seeks unpaid business expenses, she failed to articulate a theory of recovery underlying this claim. *See* Def.'s Br. [D.E. 36 at 35]. Defendant contends that because Plaintiff admits that Defendant reimbursed her for all expenses and because Plaintiff never identified a law or a theory requiring an employer to reimburse business expenses within a set time,

Defendant is entitled to summary judgment on this claim. *See id.* [D.E. 36 at 36]. Plaintiff contends that the reimbursement of her business expenses were so tardy that she incurred monthly interest on all of her business related credit card charges and seeks to be compensated for the accrued interest. *See* 3d Am. Compl. [D.E. 7 at 3-4]. As Defendant contends, because Plaintiff does not identify any basis requiring Defendant to reimburse the business expenses in a certain time frame, and Plaintiff concedes that all expenses have been paid, the Court should grant summary judgment with respect to her request to be compensated for the interest accrued in connection with the business expenses.

## **RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the Court grant Defendant's Motion for Summary Judgment [D.E. 35].

**SO RECOMMENDED**, this 19th day of May, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).